**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| PATRICIA S. FLETCHER,<br>a Utah resident, | ) )  ) | |
| Plaintiff, | ) ) | 2:07-cv-01193 JWS |
| vs. | ) ) | **ORDER AND OPINION** |
| U-HAUL COMPANY OF ARIZONA,<br>an Arizona corporation d/b/a<br>U-HAUL CENTER FLAGSTAFF, and<br>JOHN DOES 1-10, | ) ) ) ) ) | **[Re: Motion at Docket 11]** |
| Defendants. | ) ) | |

## I.  MOTION PRESENTED

At docket 11, defendant U-Haul Company of Arizona ("U-Haul") moves to dismiss

plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  At docket 14,

plaintiff Patricia Fletcher opposes the motion.  Defendant U-Haul replies at docket 20.

Oral argument was requested and heard on the motion.

## II.  BACKGROUND

On July 2, 2005, Patricia Fletcher was driving a moving van she had rented from

U-Haul when the van overheated on Interstate 15 near Nephi, Utah.  Ms. Fletcher pulled

into the right-hand emergency lane on the shoulder of the interstate, stopping more than

a foot inside the emergency lane.  Ms. Fletcher turned on the van's emergency lights, got out of the van, opened the hood, and poured some water into the radiator.  While Ms. Fletcher was standing in front of the van waiting for the engine to cool, a semi-tractor trailer crossed the emergency line and hit the back of the van.  The van crashed into Ms. Fletcher, dragging her body into the adjacent field.  Ms. Fletcher was severely injured.  On June 18, 2007, Ms. Fletcher filed a complaint against U-Haul alleging claims of strict liability, negligence, and breach of warranty.[1]  The court has jurisdiction over this action under 28 U.S.C. § 1332.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[2]  The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[3]  A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[4]  A dismissal for failure to state a claim can be based

---

[1]Doc. 1.

[2]*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[3]*Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F. Supp. 782, 785 (C.D.Cal. 1986)).

[4]*Vignolo,* 120 F.3d at 1077.

on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]

### IV.  DISCUSSION

U-Haul requests the court to dismiss all of Ms. Fletcher's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  U-Haul argues that 1) Ms. Fletcher's negligence and strict liability claims fail because her complaint does not allege that U-Haul proximately caused her injuries; 2) Fletcher's strict liability claim is "fatally flawed" because her complaint fails to allege facts showing a defect making the U-Haul van unreasonably dangerous; and 3) Fletcher's breach of warranty claim fails because it is merged into her strict liability claim under Arizona law.  Ms. Fletcher opposes the motion. The court considers each of Ms. Fletcher's claims in turn.

**Negligence Claim**

"In a cause of action for negligence, plaintiff must show some reasonable connection between defendant's act or omission and plaintiff's damages or injuries."[6] Ms. Fletcher bears the burden of proof on the issue of proximate cause, which Arizona courts define as "that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not

---

[5]B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[6]*Robertson v. Sixpence Inns of America, Inc.*, 789 P.2d 1040, 1047 (Ariz. 1990).

have occurred."[7]  "Generally, proximate cause is a question of fact for the jury."[8] "However, the court may properly decide proximate cause if, after reviewing the facts, there is 'no reasonable chance or likelihood that the conclusions of reasonable persons would differ.'"[9]

U-Haul argues that construing all allegations of material fact in Ms. Fletcher's complaint as true, U-Haul was not the proximate cause of Fletcher's injuries.  Rather, U-Haul argues that Ms. Fletcher's injuries were caused by the semi-tractor trailer driver and that "the semi-tractor trailer driver's conduct is an intervening and superseding cause, cutting off the supposed negligence of U-Haul."[10]  "An intervening cause is an independent cause that intervenes between defendant's original negligent act or omission and the final result and is necessary in bringing about that result."[11]  "An event is superseding only if it 'was both unforeseeable and when with the benefit of hindsight it may be described as abnormal or extraordinary.'"[12]  "When a defendant's actions increase the foreseeable risk of a particular harm occurring through the conduct of a third party, that defendant is not relieved of liability."[13]

---

[7] *Id.*

[8] *Petolicchio v. Santa Cruz County Fair and Rodeo Ass'n*, 866 P.2d 1342, 1348 (Ariz. 1994).

[9] Id. (quoting *Flowers v. K-Mart Corp.*, 616 P.2d 955, 957 (Ariz. App. 1980)).

[10] Doc. 20 at 2.

[11] *Robertson*, 789 P.2d at 1047.

[12] *Petolicchio*, 866 P.2d at 1349 (quoting *Rossell v. Volkswagen of America*, 709 P.2d 517, 526 (Ariz. 1985)).

[13] *Id.*

Here, the semi-tractor trailer driver's conduct clearly is an intervening cause. However, the court cannot conclude as a matter of law that the semi-tractor trailer driver's conduct was a superseding cause.  A jury might well conclude that it is forseeable that a U-Haul van broken down on the shoulder of an interstate might be hit by another vehicle.  "It is not necessary that Defendants foresaw the actual harm that occurred, only that harm could occur."[14]  Similarly, even with the benefit of hindsight, a jury could reasonably conclude that a vehicle colliding with a van broken down on the side of a highway is not so extraordinary that a reasonable person would not anticipate this danger.  Because there is a reasonable chance or likelihood that the conclusions of reasonable persons would differ on the issue of proximate cause, U-Haul is not entitled to judgment on the pleadings dismissing Ms. Fletcher's negligence claim.

**Strict Liability Claim**

"In Arizona, courts have expressly adopted the language under § 402A of the Restatement when dealing with strict liability defective product claims."[15]  In order for Ms. Fletcher to recover under this theory, she must show that (1) the product was leased in a defective condition unreasonably dangerous to the user, (2) the defective condition was the proximate cause of her injury, and (3) she has in fact been injured.[16]

---

[14]*Petolicchio*, 866 P.2d at 1349.

[15]*Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1103 (D.Ariz. 2003) (citing *Lunt v. Brady Manufacturing Corp.*, 475 P.2d 964 (1970)).

[16]*Id.*

U-Haul claims that Ms. Fletcher cannot maintain a strict liability claim because U-Haul was not the proximate cause of her injuries, and Ms. Fletcher's complaint fails to allege facts showing a defect making the U-Haul truck unreasonably dangerous.  It is undisputed that the same proximate cause standard applies to both negligence and strict liability claims.[17]  Accordingly, U-Haul's argument as to proximate cause fails as to this claim for the same reasons as discussed in relation to Ms. Fletcher's negligence claim.

The court next considers U-Haul's argument that Ms. Fletcher's "strict liability claim fails because Plaintiff has not asserted, and apparently cannot assert, that the U-Haul truck was unreasonably dangerous because of either a design defect, manufacturing defect, or informational defect."[18]  U-Haul further argues that a product is "unreasonably dangerous" only when it is dangerous to an extent beyond that which would be contemplated by the ordinary consumer, and that "vehicle overheating is not outside the contemplation of ordinary consumers."[19]

Ms. Fletcher's complaint alleges that U-Haul is engaged in the business of leasing moving vans to the public for profit, U-Haul leased Ms. Fletcher the moving van involved in the collision, the van overheated, the van was defective and unreasonably dangerous for its intended use at the time U-Haul leased it to Ms. Fletcher, the defects in the van made it unreasonably dangerous and placed Ms. Fletcher in a situation

---

[17]*Dyer v. Best Pharmacal*, 577 P.2d 1084, 1088 (Ariz. App. 1978).

[18]Doc. 20 at 6.

[19]Doc. 20 at 7.

where it was foreseeable a collision would occur, and the defects in the van were an actual and proximate cause of the collision and Ms. Fletcher's severe injuries.

As this is a motion to dismiss, the court assumes that the facts alleged in plaintiff's complaint are true, and must construe those allegations in the light most favorable to plaintiff.  Based on the above allegations, the court cannot conclude that Ms. Fletcher's complaint fails to allege that U-Haul leased the van  in a defective condition which was unreasonably dangerous to Ms. Fletcher, the user.  Morever, determining whether a product is "defective" or "unreasonably dangerous" generally falls within the function of the trier of fact.[20]  Accordingly, U-Haul is not entitled to judgment on the pleadings dismissing Ms. Fletcher's strict liability claim.

**Breach of Warranty Claim**

Finally, U-Haul argues that Ms. Fletcher's breach of warranty claim fails because it is not an independent cause of action under Arizona law; rather, "Arizona has merged breach of implied warranty claims with strict liability claims."[21]  The court concurs.[22] Because Ms. Fletcher does not have a separate implied warranty claim under Arizona law, the court will dismiss Ms. Fletcher's breach of warranty claim.

## V.  CONCLUSION

For the reasons set out above, defendant U-Haul's motion to dismiss at docket 11 is **GRANTED IN PART** and **DENIED IN PART** as follows.  Defendant's

---

[20]*Shell Oil Co. v. Gutierrez*, 581 P.2d 271, 279 (Ariz. App. 1978).

[21]Doc. 11 at 9 (quoting *Gebhardt v. Mentor Corp.*, 191 F.R.D. 180, 184 (D. Ariz. 1999)).

[22]*See, e.g.*, *Scheller v. Wilson Certified Foods, Inc.*, 559 PO.2d 1074, 1076 (Ariz. App. 1976); *Wetzel v. Commercial Chair Co.*, 500 P.2d 314, 316-317 (Ariz. App. 1972).

motion is **GRANTED** as to plaintiff's separate breach of warranty claim and plaintiff's breach of warranty claim is **DISMISSED**.  Defendant's motion is **DENIED** as to plaintiff's strict liability and negligence claims.

DATED this 22nd day of February 2008.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE