UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| PATRICIA S. FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 07-cv-01193 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| U-HAUL COMPANY OF ARIZONA, | ) | [Re:   Motion at docket 59] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 59, plaintiff Fletcher asks the court to compel defendant U-Haul to produce certain information concerning its accident investigation and inspection of a vehicle involved in the accident which gives rise to this litigation.  U-Haul has opposed the motion at docket 75.  A reply was filed at docket 83.  Oral argument was requested by defendant, but oral argument would not assist the court.

## II.  BACKGROUND

In July 2005 Fletcher was operating a van she had rented from U-Haul along Interstate 15 in Utah.  According to Fletcher, the van overheated, so she pulled to the side of the highway and was standing in front on the passenger side of the van waiting for the engine to cool down after she had added water to the radiator when a tractor-

trailer rig struck the back of the van pushing it into her and causing bodily injury.[1] In an earlier order the court granted U-Haul's motion to dismiss Fletcher's breach of warranty claim, but denied defendant's request to dismiss her negligence and strict liability claims.[2]

The discovery requests and the responses thereto which are at the center of the present motion practice are an interrogatory and two requests for production of documents as follows:[3]

> INTERROGATORY NO. 10: Please state whether U-Haul undertook any investigation into the maintenance and service on the Truck after the July 2, 2005, accident which is the subject of this action. If so, please identify the names and positions of all persons undertaking such investigation, what actions were taken, whether any persons were interviewed, and the results of those interviews, if any.
>
> Response: Defendant objects to this Interrogatory on the basis that it seeks information protected from discovery by the attorney-client privilege and/or work product doctrine.
>
> REQUEST NO. 10: Please produce copies of any and all documents relating to any communication among U-Haul employees regarding the subject accident of July 2, 2005.
>
> Response: Defendant does not have any non-privileged documents responsive to this request. Defendant objects to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the basis that it seeks information protected by the attorney-client privilege and work product doctrine.
>
> REQUEST NO. 14: Please produce copies of any investigation performed or directed by U-Haul relating the [to] the July 2, 2005 accident.

---

[1] Complaint, doc. 1 at ¶¶ 4-6.

[2] Order and Opinion, doc. 30.

[3] Doc. 60 at 1-2.

> Response: Defendant does not possess any non-privileged responsive items.  Defendant objects to this Request on the basis that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine.  Further, to the extent this Request is deemed to seek expert reports, the Request is premature and Defendant will produce such items in accordance with the Court's scheduling order in this matter.

### III.  DISCUSSION

Federal Rule of Civil Procedure 37(a) provides that a party may move to compel another party to respond to discovery requests.  Such a motion "shall include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[4]  In her motion, Fletcher "certifies that she has in good faith conferred or attempted to confer with Defendant to obtain the witness names without court action, the specifics of which are more fully set forth in the accompanying memorandum."[5]  In the memorandum the "specifics" consist of the following: "Ms. Fletcher sent U-Haul a letter asking it to reconsider its position but has not received a response.  (June 3 Letter from Keith Call to Jacob Maskovich, Ex. 5, Call Aff., ¶ 7, Ex. 3)"  In turn, the June 3 letter quotes the discovery requests and responses at issues, asserts that not all of the documents sought fall within the attorney-client privilege, and contends that because the van and its log-book are no longer available, an exception to the work product

---

[4]Fed. R. Civ. P. 37(a)(1).

[5]Doc. 59 at 1.

doctrine applies.[6]  Mr. Call's affidavit does no more than authenticate the letter.[7]  The letter makes no mention of any of the other objections.  The letter does not offer to discuss the matter, but simply demands that U-haul advise by June 6 whether defendant will provide the information.  The motion to compel was then filed on June 6, 2008.  In its opposition, U-Haul provides a copy of a letter sent to Fletcher's counsel dated June 6, 2008, in which defense counsel asked to be afforded the courtesy of responding substantively by June 13, 2008.

Under these circumstances it is clear that Fletcher's lawyer did not make any meaningful effort to confer with defense counsel about the discovery dispute.  To accept the utterly perfunctory effort made here as satisfaction of the "meet and confer" requirements, Rule 37 would do a disservice to the interests of the court and litigants generally.  Rule 37 means that lawyers really do have to attempt in good faith to resolve discovery disputes.  The local rules of this court flesh out the obligation:

> **Discovery Motions**.  No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after *personal consultation* and *sincere efforts* to do so, counsel have been unable to satisfactorily resolve the matter.  Any discovery motion brought before the Court without prior *personal consultation* and a *sincere effort* to resolve the matter may result in sanctions.[8]

Here, the record discloses an absence of personal consultation and sincere efforts.  Were this court to accept the trivial effort made by Fletcher's counsel as sufficient, it would set a precedent inimical to the interests of the court and those who litigate in it, by

---

[6]Doc. 60-6.

[7]Doc. 60-4 at ¶ 7.

[8]Arizona Local Civil Rule 7.7.2 (j) (italicized emphasis added).

endorsing the unnecessary consumption of judicial resources and the squandering of client funds paying for motions that should be unnecessary.  Indeed, the existing motion practice seems to highlight the very sort of dispute that could be reasonably resolved by sincere effort.  If in fact the van and its log book are gone, those circumstances would weigh heavily against the invocation of the work product doctrine to foreclose alternative means of obtaining relevant information.

### IV.  CONCLUSION

For the reasons above, the motion at docket 59 is **DENIED**.

DATED this 14th day of August 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE